UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN BRENT, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| vs. | )   No. 2:22-cv-01005-JTF-atc |
| | ) |
| CHANCE LEEDS, | ) |
| | ) |
|    Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS THE § 2254 PETITION (ECF NO. 16);
DENYING MOTION TO EXCUSE LATE FILING (ECF NO. 2);
DENYING THE PETITION PURSUANT TO 28 U.S.C. § 2254 (ECF NO. 1);
DENYING A CERTIFICATE OF APPEALABILITY;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On January 10, 2022, Petitioner John Brent ("Petitioner" or "Brent"), Tennessee Department of Correction prisoner number 361685, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition") in the Eastern Division of this district. (ECF No. 1.) Petitioner also moved to excuse the untimeliness of his § 2254 Petition. (ECF No. 2 (the "Motion To Excuse").) On September 2, 2022, the Eastern Division of this district transferred the matter to this division, where the convicting court is located. (ECF No. 11.) On September 14, 2022, the Court directed Respondent Chance Leeds to respond to the § 2254 Petition and to include the complete state record with the response. (ECF No. 14.) On October 12, 2022, Respondent filed: (1) a motion to dismiss the § 2254 Petition (ECF No. 16 (the "MTD")); and (2) the state court record (ECF No. 15 – ECF No. 15-28).

The § 2254 Petition (ECF No. 1), the Motion To Excuse (ECF No. 2), and the MTD (ECF No. 16) are before the Court.

For the reasons stated below, the Court **GRANTS** the MTD (ECF No. 16), **DENIES** the Motion To Excuse (ECF No. 2), and **DENIES WITH PREJUDICE** the § 2254 Petition as time barred.

I.   PROCEDURAL HISTORY

A.  State Court Procedural History

On August 2, 2011, a grand jury in Shelby County, Tennessee returned a two-count indictment charging Brent with aggravated robbery and aggravated burglary of seventy-two-year-old victim John Stuart. (ECF No. 15-1 at PageID 174-76.) *See State v. Brent*, No. W2013-01252-CCA-R3-CD, 2014 WL 5342610, at *1 (Tenn. Crim. App. Oct. 21, 2014) ("*Brent I*"), *perm. app. denied* (Tenn. Apr. 13, 2015).) A jury trial commenced in the Shelby County Criminal Court on November 27, 2012. (*See id*. at PageID 188.) On November 29, 2012, the jury convicted Brent of aggravated robbery and aggravated burglary. (ECF No. 15-1 at PageID 191.) On March 20, 2013, the trial judge sentenced Brent to an effective sentence of thirty years' imprisonment for his convictions. (*Id*. at PageID 213-18.) Judgments were entered on March 20, 2013. (*Id*. at PageID 219-20.)

On December 23, 2013, Brent filed a direct appeal to the Tennessee Court of Criminal Appeals (the "TCCA"). *Brent I*, 2014 WL 5342610, at *1. (ECF No. 15-8 at PageID 626.) On October 21, 2014, the TCCA affirmed Brent's convictions and sentences. *Id*. (*See* ECF No. 15-22 at PageID 1436-44.) On April 13, 2015, the Tennessee Supreme Court (the "TSC") denied Brent's application for discretionary review. (ECF No. 15-13 at PageID 743.) Brent did not file a petition for a writ of certiorari to the United States Supreme Court. (ECF No. 1 at PageID 2.)

On January 6, 2016, Brent filed a *pro se* petition for post-conviction relief. (ECF No. 15-14 at PageID 800-38.) On January 20, 2016, the post-conviction court appointed post-conviction counsel (*id*. at PageID 880), who filed amended petitions for post-conviction relief (*id*. at PageID 881-904; ECF No. 15-15 at PageID 935-58; ECF No. 15-22 at PageID 1397-1435). The post-conviction court held five (5) separate evidentiary hearings. *Brent v. State of Tennessee*, No. W2018-01968-CCA-R3-PC, 2020 WL 1972332, at *1 (Tenn. Crim. App. Apr. 24, 2020) ("*Brent II*"). (*See also* ECF Nos. 15-17 through 15-21.) On October 9, 2018, the post-conviction court denied Brent's petition. (ECF No. 15-15 at PageID 1049-65.) On April 24, 2020, the TCCA affirmed the denial of post-conviction relief. *Brent II*, 2020 WL 1972332, at *1. (ECF No. 15-25.) On July 23, 2020, the TSC denied Brent's application for discretionary review. (ECF No. 15-28 at PageID 1630.)

B.  **Brent's § 2254 Petition**

On December 29, 2021, Petitioner filed his § 2254 Petition by placing it into the prison mailing system at the WCF.[1] (ECF No. 1 at PageID 76.) The § 2254 Petition presents twelve (12) claims. (*Id*. at PageID 5-6.)

On October 12, 2022, Respondent filed the MTD pursuant to Rules 5(b) and 8(a) of the Rules Governing § 2254 Cases in the United States District Courts, arguing that the § 2254 Petition "is time-barred." (ECF No. 16 at PageID 1631; ECF No. 16-1 at PageID 1633.) Brent did not file a response in opposition to the MTD. The period for filing a response has expired.

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that Petitioner filed his § 2254 Petition on December 29, 2021, the date he signed the § 2254 Petition (ECF No. 1 at PageID 76), even though the Clerk of Court received and docketed the § 2254 Petition on January 10, 2022.

3

II. **ANALYSIS**

There is a one-year statute of limitations for the filing of a petition for a writ of habeas corpus "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In this case, the running of the limitations period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). State convictions ordinarily become "final" when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009).

Here, the TCCA affirmed Brent's convictions and sentences on October 21, 2014 (ECF No. 15-22 at PageID 1436 & 1444), and the Tennessee Supreme Court denied permission to appeal on April 13, 2015 (ECF No. 15-13 at PageID 743). Brent's conviction became final upon the expiration of his time to file a petition for a writ of certiorari with the United States Supreme Court, which occurred on Monday, July 13, 2015[2] -- *i.e.*, ninety (90) days after the Tennessee Supreme Court denied discretionary review on April 13, 2015 (ECF No. 15-13 at PageID 743). *See* Sup. Ct. R. 13.1 (requiring petition for writ of certiorari to be filed with the Clerk of the United States Supreme Court within ninety (90) days after entry of order denying discretionary review). The running of the § 2254 limitations period commenced on July 14, 2015.

The statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[2] Because the last day of Supreme Court Rule 13.1's ninety-day period fell on Sunday, July 12, 2015, Brent had until the close of business on Monday, July 13, 2015 to file a timely § 2254 petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

4

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Here, the running of the limitations period was tolled when Brent filed his *pro se* post-conviction petition on January 6, 2016 (*see* ECF No. 15-14 at PageID 838). By that time, one hundred and seventy-six (176) days of the one-year § 2254 limitations period had elapsed.

On July 23, 2020, the Tennessee Supreme Court denied Brent's application for discretionary review of the denial of post-conviction relief (*see* ECF No. 15-28 at PageID 1630). The running of the § 2254 limitations period recommenced on July 24, 2020. *See* 28 U.S.C. § 2244(d)(2). The limitations period expired one hundred and eighty-nine (189) days later, on Friday, January 29, 2021.

Brent placed his § 2254 Petition into the prison mailing system on December 29, 2021 (ECF No. 1 at PageID 76) -- which was three hundred and thirty-four (334) days after the January 28, 2021 expiration of the § 2254 limitations period. Even if the § 2254 Petition were deemed to have been filed on December 29, 2021 under *Houston v. Lack*, 487 U.S. at 270-71, the § 2254 Petition is untimely. Brent concedes that the § 2254 Petition is untimely. (*See* ECF No. 2.)

"The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). The § 2244(d)(1) limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also id.* at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence'") (citation and additional internal quotation marks omitted). "The statute of limitations should be equitably tolled until the earliest date on which the petitioner, acting with reasonable diligence, should have filed his petition." *Kendrick v. Rapelje*, 504 F. App'x 485, 487 (6th Cir. 2012).

Brent does not demonstrate that he is entitled to equitable tolling. In support of the Motion To Excuse the § 2254 Petition's untimeliness, Brent offers his generalized statements that: Tennessee Governor Bill Lee declared a state of emergency in March 2020 about the COVID-19 pandemic; and "federal courts [were] clos[ed] nationwide due to the COVID-19 pandemic." (ECF No. 2 at PageID 133-34.) Brent's blanket statements about the COVID-19 pandemic are unpersuasive with respect to the availability of equitable tolling. "[T]he Covid-19 pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis." *United States v. West*, 578 F. Supp. 3d 962, 967 (N.D. Ohio 2022). "[A] petitioner seeking tolling on such a basis must still demonstrate fact-specific circumstances related to the pandemic that hindered his ability to timely file a habeas petition." *Pryor v. Erdos*, No. 5:20-cv-283, 2021 WL 4245038, at *9 (N.D. Ohio Sept. 17, 2021) (collecting cases), *certificate of appealability denied*, No. 21-3908, 2022 WL 1021911 (6th Cir. Mar. 31, 2022). "[V]ague and generalized contentions", like Brent offers here, "do not begin to demonstrate the impact of the COVID-19 pandemic" and its supposed interference with Brent's ability to file a timely petition. *United States v. West*, 578 F. Supp. 3d 962, 967 (N.D. Ohio 2022).

The record contradicts Brent's sweeping contentions that COVID-19 "hinder[ed] [his] ability to substantially comply with the one year statute of limitations" and that he needed prison

6

law library access to complete his habeas corpus petition. (*See* ECF No. 2 at PageID 135.) The § 2254 Petition asserts the same claims Brent presented during his direct appeal and during his post-conviction appeal. (ECF No. 1 at PageID 5-6; *Brent I*, 2014 WL 5342610, at *1; *Brent II*, 2020 WL 1972332, at *1; ECF No. 15-14 at PageID 806; ECF No. 15-14 at PageID 884-901; ECF No. 15-15 at PageID 938-56.) Brent's Motion To Excuse is glaringly silent about particular difficulties he purportedly encountered in accessing the WCF law library during the relevant period. (*See* ECF No. 2 at PageID 134-35.) The Motion To Excuse alleges no facts establishing that Brent was unable to file a timely federal habeas petition or that he was diligently pursuing his habeas corpus rights during that time. The Court will not speculate that Brent encountered impediments accessing the WCF law library prior to January 28, 2021 in order to file a timely habeas petition. The Motion To Excuse does not demonstrate extraordinary circumstances that would justify equitably extending the § 2254 limitations deadline "by even a single day." *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (holding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

Because Petitioner has not satisfied his burden of demonstrating that he is entitled to equitable tolling, the Court **DENIES** Petitioner's Motion To Excuse (ECF No. 2) and **GRANTS** Respondent's MTD (ECF No. 16). The § 2254 Petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**. Judgment shall be entered for Respondent.

### III. APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, § 2254 Rules. A petitioner may not take an

appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, there can be no question that the § 2254 Petition is time barred. Because any appeal by Petitioner on the issues raised in his § 2254 Petition does not deserve attention, the Court **DENIES** a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of

Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[3]

    **IT IS SO ORDERED**, this 24th day of July, 2023.

                                      /s/ John T. Fowlkes, Jr.
                                      JOHN T. FOWLKES, JR.
                                      UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).